UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
    Government

v.                                 Case No. 10-cr-93-1-SM

Sean Brown,
    Defendant

**O R D E R**
**[SEALED UNTIL CONCLUSION OF TRIAL]**

Defendant's ex parte motion for funding necessary to obtain the expert services of a voiceprint analyst is denied.

Criminal defendants are entitled to obtain expert consulting or witness services at public expense if they are financially unable to obtain them on their own behalf, and the requested services are "necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). Here, defendant wishes to have a voiceprint expert analyze and confirm that a former Nashua police officer (Officer Newell) was present, along with other officers, and was involved in "handling" a confidential informant when the informant allegedly bought drugs from the defendant.

It has apparently been determined by state and federal officers that Officer Newell engaged in irregular evidence handling practices with respect to seized drugs in other cases.

Accordingly, lacking confidence in its ability to establish requisite chains of custody in those cases (including charges previously brought against this defendant), prosecutors decided not to pursue drug cases in which Newell had custody of seized drug evidence.

The government has previously represented, with respect to the pending charges, that Newell did not have custody of any of the evidence seized from defendant or the confidential informant, and that the government will not call either Newell or the informant as a witness in this case.  Defendant has made it clear throughout that he, nevertheless, wishes to present evidence of Newell's mishandling of drug evidence in unrelated cases, and also wishes to pursue his claim that the government breached an enforceable plea agreement with respect to prior criminal charges — charges that have now been dismissed with prejudice.  This request for expert services is apparently in furtherance of that strategy.

But, the services are not "necessary to adequate representation" for several reasons.  First, that it is Newell's voice on the tape is likely a fact that is not contested, and the required expert services are not necessary.  The government has previously stated that Newell was involved in some of the

transactions underlying the pending charges in a surveillance capacity, so it would not be surprising that Newell's voice is on the tape.  A voiceprint analyst seems unnecessary to establish that Newell's voice is on the tape.  More to the point, perhaps, whether Newell's voice is on the tape or not, is an irrelevant fact.  Defendant disagrees, contending as follows:

> . . . if the anticipated voiceprint analysis confirms that the voice directing the CI on the 2/18/10 recording matches that of a court ordered voice sample of John Newell, then it is proof of not only his direct involvement in the investigation pertaining to the alleged distribution (control of CI/handling of drug evidence), but also the complicity of AUSA Davis in the active concealment thereof.

Defendant's Ex Parte Motion for an Expedited Order Granting Funds for Services Other Than Counsel Pursuant to 18 U.S.C. § 3006A(E)(1) and Motion to Seal, Document No. 112, ¶ 6.

But Newell's involvement in a surveillance capacity says nothing about his potential involvement in handling evidence seized as a result of those sales.  The government is required to establish that evidence presented in court is in fact the same evidence seized in connection with the alleged drug sales, and, if Newell is in the chain of custody, the government will likely fail since he will not be called as a witness.  But the connection defendant seeks to draw — that if Newell was present in a surveillance capacity or "directed the CI" in some way, he,

3

therefore, necessarily took custody of seized material suspected to be contraband drugs and perhaps also mishandled that evidence — is a false one. A voiceprint analyst, in any event, would not be useful in making <u>that</u> connection.

It is plain from the application itself, and from past discussions on the record with the defendant regarding his defense plans, that the services of a voiceprint analyst are not necessary to adequate representation, and any testing by such an analyst, as defendant describes it, would not be relevant, material, or useful in presenting an adequate, cognizable defense to the criminal charges pending against him.

### Conclusion

The motion (document no. 112) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 5, 2013

cc:  Liam D. Scully, Esq.
     Sean Brown