```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

United States of America,
      Government

      v.                                  Case No. 10-cr-93-1-SM

Sean Brown,
      Defendant


**O R D E R**
**[SEALED UNTIL CONCLUSION OF TRIAL]**


Defendant has filed a number of motions purportedly under the provisions of 18 U.S.C. § 3006A(e)(1), seeking orders from this court directing various state courts, state prosecutors, and a municipal police department to produce various transcripts of prior state court trials, and case files and notes concerning prior and unrelated state proceedings.  He also seeks discovery that he says should have been produced for a different defendant in an earlier and unrelated state case, as well as written Nashua Police Department standard operating procedures related to the handling of confidential informants, and various witness subpoenas, and parts of a police officer's personnel file.


First, 18 U.S.C. § 3006A(e)(1) authorizes the provision of investigative, expert, or other services necessary for adequate representation of an indigent criminal defendant.  It does not authorize the court to order state courts to prepare trial

transcripts and produce them, or state prosecutors to produce case files in unrelated state prosecutions or municipal police departments to produce internal documents.  For that reason alone, the motion is flawed.

But, treating the motion as an ex parte application for subpoenas under Fed. R. Cr. P. 17(b) and (c), the motion is resolved as follows (and as addressed at an ex parte hearing on March 6, 2013).

The court must exercise its discretion in determining whether to grant an application for a subpoena under Rule 17(b), but that discretion is constrained by the Fifth and Sixth Amendments to the United States Constitution.  See United States v. Reaves, 194 F.3d 1315 (6th Cir. 1999).  Indigent defendants are entitled to compulsory process and shall not be discriminated against based upon financial status.

That is not to say, however, that an indigent criminal defendant is entitled to a federal subpoena to obtain any testimony or documents he might wish.  Assuming financial inability (the first qualification), the defendant must then make a preliminary showing that the witness or document or thing

sought is, under the Rule, "necessary" . . . for an adequate defense." Fed. R. Cr. P. 17(b).

"Necessary" within the meaning of the rule is generally understood to mean that the witness or documentation is relevant, material, and favorable. See United States v. Mount, 896 F.2d 612 (1st Cir. 1990). Here, defendant's application discloses that the materials he seeks are generally not relevant, not material, and would not be supportive of, or favorable to, any cognizable defense he might offer. While he has indicated that he no longer seeks some of the materials, it is perhaps best to make the record clear.

Prosecution File in State v. Barry

Defendant seems to argue that the prosecutor's case file in the state prosecution of a friend of his (Barry) may contain information that would show that the confidential informant who allegedly purchased drugs from defendant had, in the past, attempted to purchase drugs from that friend, in violation of the informant's alleged "contract" with the Nashua Police Department. (The informant was apparently acting as a confidential informant for the police department, yet he engaged in illegal activity — attempting to buy drugs.) Defendant argues that handwritten notes regarding prosecutors' or police officers' impressions in

that case regarding the informant's reliability is relevant in this case as impeachment or exculpatory evidence.

That the confidential informant is generally an untrustworthy person is not exculpatory evidence — the government is not calling the informant as a witness, so there will be no need to impeach him as defendant's guilt or acquittal will not turn on his testimony. If, on the other hand, the defendant calls the informant, and the informant implicates the defendant, he may seek to impeach the informant under Federal Rule of Evidence 608 or 609. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack the witness's character for truthfulness, which seems to be what defendant has in mind — apparently hoping evidence of such instances might be gleaned from the prosecutor's file in <u>Barry</u>.

Accordingly, the prosecutor's file in <u>State v. Barry</u> is not necessary for an adequate defense. Defendant may inquire about the facts as he believes them to be, but, for example, he will not be permitted to collaterally litigate whether or not the informant engaged in specific instances of conduct that he believes might support his contention that the confidential

informant is not a credible witness (presumably to the drug transactions at issue).

### Trial Transcript in State v. Brown, Hillsborough County Superior Court

Defendant seeks a transcript of his previous state criminal trial in order to show that a police officer (Sergeant Scott Hammond) testified about the nature of the relationship between a confidential informant and police handlers — particularly, that if police learn that a confidential informant engaged in illegal activity, that informant would no longer be used.

He apparently wishes to present evidence tending to show that the confidential informant in this case engaged in illegal activity (attempting to buy narcotics) in violation of police standard operating procedures, and so should not have been used in his case, and/or is a disreputable and unreliable witness.

Defendant conceded at the hearing that he no longer needs the transcript because he can make his point using the Nashua Police Department's standard operating procedures.  In any event, defendant has not shown that a transcript of Sergeant Hammond's trial testimony in the state case would be relevant or favorable to any cognizable defense in this case.  The request is denied.

<u>Discovery the State of New Hampshire Was Obligated
to Provide to the Defendant in State v. Barry</u>

Defendant seeks an order from this court requiring the Hillsborough County Attorney to provide the defendant with discovery that he alleges the state was required to provide to Barry (the defendant in <u>State v. Barry</u>). Again, it appears defendant seeks to subpoena materials that might provide evidence of specific conduct by the confidential informant in this case that might serve to impeach his credibility. But, again, the government will not call the confidential informant to testify against defendant, and, if defendant calls the informant, he may impeach the witness as permitted under the Rules of Evidence, but cannot present extrinsic evidence of specific instances of a witness's conduct in order to attack the witness's character for truthfulness. And, impeaching the confidential informant (assuming defendant calls him and he testifies in a manner that inculpates defendant) will not prove relevant or favorable to a cognizable defense. (That is, it will be no defense to the pending charges should defendant call the informant, the informant implicates defendant in the controlled drug buys, and then defendant successfully demonstrates that the confidential informant is not worthy of belief — <u>i.e.</u>, that the informant's testimony that defendant sold him drugs is not worthy of belief is not evidence tending to show that defendant did not sell

drugs, but only that the informant's testimony cannot support the charge. The request is denied.

Nashua Police Department Standard Operating Procedures (2010) Regarding Handling of Confidential Informants

Perhaps, in a strained way, the procedures defendant seeks could prove marginally relevant, or useful, e.g., in examining police officers called by the government, and perhaps examining Officer Newell (who defendant expects will be shown to have "handled" the confidential informant and, perhaps, even the contraband allegedly given the informant by defendant).

Stand-by counsel previously undertook the task of obtaining the procedures, but has not yet received them. The government, upon inquiry by the court, agreed to produce the requested standard operating procedures (some four pages), subject to restrictions aimed at preventing general public dissemination. Those restrictions are reasonable.

The government will provide the defendant with access to the written procedures in a manner that allows him to familiarize himself with the material and use the procedures as appropriate during trial, while limiting the risk of unwarranted public dissemination.

Disciplinary Files Related to Officer Newell

Defendant seeks access to materials related to discipline imposed on, or administrative findings made with respect to, Officer Newell's improper handling of seized drug evidence and irregular report writing practices in unrelated cases, including charges brought against him and previously dismissed.  While it is entirely unclear how such material might prove relevant or favorable to any recognized defense defendant might offer to the pending charges, it probably cannot be said that relevance is inconceivable.  For example, defendant seems to think that if he calls Officer Newell as a witness (the government will not call him), Newell might testify that he indeed took custody of drug evidence allegedly given by the defendant to the confidential informant, but did not mishandle it, or lose it, or substitute other substances.  Defendant then might inquire about Newell's past practices, thereby raising doubts about the chain of custody and the nature of the substances defendant allegedly gave to the informant.  In that highly unlikely event, perhaps Newell's past irregular evidence handling and report writing practices might prove useful.

Accordingly, the government has been directed to file those materials for further in camera review.  The court will provide defendant with access to potentially relevant material in a

8

manner that provides him full use at trial, if relevant, but that also minimizes the risk of unwarranted public dissemination.

### Conclusion

The motion for multiple subpoenas (document no. 115) is granted in part and denied in part as discussed above. The motion for additional funds for investigative services (document no. 116) is granted, as discussed at the March 6, 2013, hearing. The motion for subpoena (Landry) (document no. 114) is granted. The request for a subpoena to obtain transcripts of defendant's prior state criminal trial (document no. 102) is denied, as is his request to subpoena the prosecutor's case file in State v. Barry, and a transcript of proceedings in State v. Barry.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 7, 2013

cc:  Liam D. Scully, Esq.
     Sean Brown